**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Woodall, | No. CV-21-00962-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court are Nicholas Woodall's ("Plaintiff") Motion for U.S. Marshal Service (Doc. 24) and the City of Phoenix, Richard Sias, and Kody King's ("Defendants") Motion to Dismiss Plaintiff's Operative Complaint (Doc. 35). For the reasons below, Plaintiff's Motion is denied as moot, and Defendants' Motion is granted.

**BACKGROUND**

Plaintiff brings this action alleging various violations under 42 U.S.C. §§ 1983, 1985, and 1986. On October 30, 2020, Plaintiff had an encounter with the two individual defendants, Officers Sias and King, who are police officers with the Phoenix Police Department ("PPD"). (Doc. 35 at 3; Doc. 35-1 at 2.) According to the operative complaint, (Doc. 18), PPD received a 911 call reporting a suspicious person near an FBI building. (Doc. 18 at 6–7.) Officers Sias and King responded to the scene and encountered Plaintiff. (Doc. 18 at 6–7.) The officers informed Plaintiff that he was not allowed to leave while they investigated and asked him to provide identifying information. (Doc. 18 at 6.) After

the investigation was completed, Plaintiff was allowed to leave the scene. (Doc. 35-1 at 4; Doc. 30 at 3.) Plaintiff now challenges the detention under the First, Fourth, Fifth, and Fourteenth Amendments.

## DISCUSSION

### I. Motion for Marshall Service

Plaintiff's Motion for U.S. Marshal Service is moot. Although Plaintiff originally requested that the Marshals serve a summons on Officer Sias, (Doc. 24), Defendants' counsel later notified the Court that Officer Sias had waived service of a summons and complaint. (Doc. 34.) Because Officer Sias has waived service, Plaintiff's Motion is moot and therefore denied.

### II. Motion to Dismiss

Defendant moves to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 35). To survive dismissal for failure to state a claim, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Twombly*, 550 U.S. at 555). Finally, because Plaintiff is a pro se litigant, the Court must hold his pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

#### A. Dismissal

Defendants argue that the operative complaint should be dismissed because it fails

to state a claim for which relief can be granted. (Doc. 35.) The Motion was filed on August 19, 2021. (Doc. 35.) Pursuant to the Court's local rules, Plaintiff had fourteen days to file a Response. LRCiv 7.2(c). Plaintiff did not do so.

Although the Court "construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). According to the local rules, "if the unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion[,] and the Court may dispose of the motion summarily." LRCiv 7.2(i). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Factors 1 and 2 clearly weigh in favor of dismissal; the instant Motion has been pending for over four months, and Plaintiff has never filed a Response or a Motion to Extend the filing deadline. Factor 3 also weighs in favor of dismissal; prior to the instant motion, Plaintiff attempted to file two amended complaints in violation of the Court's procedural rules. (*See, e.g.*, Docs. 22, 30, 32; *see also* Doc. 29). The Court also granted two extensions of time for Plaintiff to file a proper Motion to Amend and proposed Third Amended Complaint. (Docs. 29, 31.) Plaintiff failed to do so. Plaintiff's failure to follow the Court's procedural rules resulted in a nearly two-month delay in the filing and deciding of the instant Motion to Dismiss, and it has now been over a year since the incident in question. It would be prejudicial to allow Plaintiff to continue to drag out the litigation by his noncompliance after being repeatedly warned that he must adhere to the Court's procedural rules, which he continues to disregard.

Factor 4 clearly weighs against dismissal because there is a public policy in favor of deciding cases on the merits. Factor 5, however, weighs for dismissal. As previously noted, Plaintiff has made multiple frivolous filings despite warnings from the Court. Moreover, Plaintiff knew of the alleged deficiencies in his various Complaints, (Docs. 1-3, 7, 18), because defense counsel "conferred with Plaintiff regarding the deficiencies in his numerous complaints on multiple occasions." (Doc. 35 at 18.) The Court does not believe, given Plaintiff's history of failing to comply with procedural rules, that less severe sanctions would be effective. Because four out of five factors weigh in favor of dismissal, Defendants' Motion is granted. *See Bonn v. Cap. One, N.A.*, No. CV-12-00617-PHX-GMS, 2012 WL 13024087, at *3 (D. Ariz. Oct. 12, 2012).

### B. Dismissal With or Without Prejudice

Defendants request dismissal with prejudice. (Doc. 35 at 16.) Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

At this preliminary stage, it is unclear whether Plaintiff's claims can be cured by amendment. Therefore, the Second Amended Complaint is dismissed without prejudice.

### CONCLUSION

Because Plaintiff failed to respond to Defendants' Motion to Dismiss, the Court will construe his failure to respond as consent to the granting of the Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for U.S. Marshal Service (Doc. 24) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Operative Complaint (Doc. 35) is **GRANTED**. Plaintiff's action is dismissed without prejudice.

/ / /

1     **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to update the caption on the docket to reflect the caption in this Order.

Dated this 12th day of January, 2022.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge