**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Woodall, | No. CV-21-00962-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Police Department, et al., | |
| Defendants. | |

Pending before the Court are the City of Phoenix, Officer Kody King, and Officer Richard Sias's ("Defendants") Motion to Dismiss (Doc. 39) and Motion to Strike All References To Ongoing Investigation (Doc. 41). Also pending are Nicholas Woodall's Motion for Leave to File Fourth Amended Complaint (Doc. 51), Motion to Amend/Correct Amended Complaint (Doc. 57), Motion for Discovery (Doc. 45), and Motion for Subpoena Duces Tecum (Doc. 54). For the following reasons, Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 57) is granted. However, the Court denies Defendants' Motion to Strike All References To Ongoing Investigation (Doc. 41), and Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 51), Motion for Discovery (Doc. 45), and Motion for Subpoena Duces Tecum (Doc. 54). Finally, the Court grants in part and denies in part Defendants' Motion to Dismiss (Doc. 39). The Court will issue a ruling on the remaining claims in the Fourth Amended Complaint pending a conference with the parties, and its determination as to how to treat it. The parties shall appear before the Court for a

scheduling conference on January 26, 2023 at 11:00 a.m.

## BACKGROUND

On October 30, 2020, Plaintiff had an encounter with two police officers from the Phoenix Police Department ("PPD"), Kody King and Richard Sias. (Doc. 35 at 3; Doc. 35-1 at 2.) According to the Fourth Amended Complaint, the PPD received a call reporting a suspicious person near an FBI building. (Doc. 58 at 6.) King and Sias were sent to investigate that call. When they arrived at the FBI building, they encountered Plaintiff. Allegedly, upon confronting Plaintiff, they told him that "the FBI wanted [Plaintiff] trespassed," informed him he was not allowed to leave, detained him, and asked him to provide identifying information under threat of citation or "possible incarceration or charges." (Doc. 58 at 6.) Plaintiff challenged the officers' grounds for this stop because, on his account, the officers knew that their statements were deceitful given that Plaintiff was on "public property, considered a public forum" and, therefore, was not trespassing. (Doc. 58 at 6.) This encounter, during which Plaintiff alleges he was not free to leave, went on for an unspecified period of time. Eventually, Plaintiff says that an unidentified supervisor told him he was free to leave, and he did so. (Doc. 38 at 6.)

In light of these events, Mr. Woodall brought this action against Officers King and Sias and the City of Phoenix. In his Third Amended Complaint ("TAC"), he alleged that Defendants' actions amount to violations of his civil rights under 42 U.S.C. §§ 1983, 1985, and 1986, and the First, Fourth, and Fifth Amendments. He also sought to bring a criminal charge against Defendants pursuant to 18 U.S.C. § 241. In response, Defendants filed their Motion to Dismiss and subsequently filed a Motion to Strike a portion of Plaintiff's Response. Thereafter, Plaintiff asked the Court for leave to amend his complaint a fourth time and filed his Motion for Discovery and Motion for Subpoena Duces Tecum. Plaintiff lodged his Fourth Amended Complaint ("FAC") with the Court. The FAC contains the claims in the TAC, but also includes Eighth and Fourteenth Amendment claims, and state law claims for negligence and intentional infliction of emotional distress.

## DISCUSSION

### I. Motion for Leave to Amend

A court should grant a plaintiff leave to amend his complaint when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "Generally, this determination should be performed with all inferences in favor of granting the motion," especially when the plaintiff is pro se. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citations omitted). However, when assessing a motion for leave to amend, a court may consider the plaintiff's bad faith, undue delay, prejudice to the opposing party, the futility of amendment, and whether the plaintiff has previously amended the complaint. *Foman v. Davis*, 371 U.S. 178, 183 (1962).

Plaintiff has already filed five versions of his complaint and seven corresponding motions to correct or amend his amended complaints. This has delayed the Court's resolution of this case. Defendants filed their first Motion to Dismiss on August 19, 2021, in which they responded to all of the claims described above and an additional Fourteenth Amendment claim. Plaintiff failed to respond to that motion. In granting the Defendants' first Motion to Dismiss, the Court noted that prior to the motion, Plaintiff attempted to file two amended complaints in violation of the Court's procedural rules. (*See, e.g.*, Doc. 22, 30, 32.); (*See also* Doc. 29.) Nevertheless, the Court granted the motion without prejudice, but also noted: "Plaintiff's failure to follow the Court's procedural rules resulted in a nearly two-month delay in the filing and deciding of the instant Motion to Dismiss, and it has now been over a year since the incident in question. It would be prejudicial to allow Plaintiff to continue to drag out the litigation by his noncompliance after being repeatedly warned that he must adhere to the Court's procedural rules, which he continues to disregard." (Doc. 36 at 3.) The Court also granted two extensions of time for Plaintiff to file a proper Motion to Amend and a proposed TAC. (Docs. 29, 31.) Plaintiff failed to timely file either document.

The Court then gave Plaintiff another chance to amend his complaint. At that point, Plaintiff filed his TAC, and Defendants filed a new Motion to Dismiss on February 22,

2022. Thereafter, Plaintiff filed a Motion for Leave to File his FAC, (Doc. 51), and a subsequent Motion to Amend that complaint, (Doc. 57). To the claims in the TAC, the FAC adds Eighth and Fourteenth Amendment claims and state law claims of intentional and negligent infliction of emotional distress.[1] Defendants may have defenses to these new claims that they could have asserted at a motion to dismiss stage, but which Defendants have not been able to assert in their pending motion. Thus, allowing Plaintiff to file the FAC will require Defendants to file a third Motion to Dismiss. Still, in light of the relaxed standards that apply to pro se plaintiffs, the Court—for one last time—will grant the Plaintiff's Motion to Amend and direct that his lodged Fourth Amended Complaint (Doc. 58) be filed. The Court will not allow Plaintiff to file any more amendments to his complaint absent the most compelling circumstances, except to the extent otherwise indicated in this order.

**II.    Motion to Dismiss**

In the interest of efficiency, the Court will apply Defendants' present Motion to Dismiss against the FAC to the extent that its claims overlap with the claims pleaded in the TAC. However, the Court also wishes to hold a scheduling conference with the parties to explore the most expeditious way to finalize claims and defenses and otherwise proceed with this suit. Thus, for now, the Court will hold Plaintiff's Eighth Amendment, Fourteenth Amendment, and state law claims under advisement until both parties have been "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12. The Court will also hold its consideration of Plaintiff's claims against the City under advisement until such time because, at least in this respect, Plaintiff's theory of liability in the FAC is materially different from his theory in the TAC.

---

[1] In their Motion to Dismiss (Doc. 39) Defendants avow that this Court instructed in Doc. 37 that anything not raised in Plaintiff's Third Amended Complaint would be considered waived." (Doc. 39 at 1.) The Court can find no such statement in the Order. The Defendants shall immediately file with the Court the citation from the order in which the Court said that matters not raised by Plaintiff in his Third Amended Complaint will be waived.

### A. Legal Standard

"A defendant may move to dismiss a claim for relief pursuant to Rule 12(b)(6) if the claim 'fail[s] to state a claim upon which relief can be granted.'" *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). A claimant states such a claim when he has "pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "where the petitioner is pro se, particularly in civil rights cases, [a court should] construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In fact, a pro se plaintiff's complaint should only be "dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To the extent that the pleadings can be cured by the allegation of additional facts, a pro se plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990).

### B. Criminal Charge

Plaintiff is a private citizen and lacks standing to sue under Title 18 of the United States Code, which lists federal crimes. *Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("[P]rivate parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government."); *Robinson v. Cunan*, 489 F. App'x 187 (9th Cir. 2012) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). This cannot be cured with additional facts. Accordingly, Plaintiff's 18 U.S.C. § 241 claims are dismissed with prejudice.

### C. § 1983 Claims

Construing the FAC liberally, the Court will reclassify Plaintiff's constitutional claims under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983 (creating a statutory cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or

usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.").

### *i. First Amendment*

Plaintiff's allegations most closely resemble a First Amendment retaliation claim. *Az. Students' Assn. v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) ("A plaintiff may bring a § 1983 claim alleging that public officials, acting in their official capacity, took action with the intent to retaliate against, obstruct, or chill the plaintiffs First Amendment rights."). "To bring a First Amendment retaliation claim, [a] plaintiff must allege that (1) [he] engaged in constitutionally protected activity; (2) the defendant's actions would "chill a person of ordinary firmness" from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (internal punctuation omitted).

First, Plaintiff alleges that he held a "large poster sign for the F.B.I to read," (Doc. 58 at 6.), outside of the FBI building, and "public demonstrations and protests are clearly constitutionally protected activity." *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 830 (9th Cir. 2020). Next, "the mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect" that would dissuade people of ordinary firmness from engaging in protected activity. *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (emphasis in the original). Here, Plaintiff alleges that his protest was chilled in fact, and, at this stage, the Court cannot say that a person of ordinary firmness would not have been dissuaded from participating in an act of personal protest after the investigatory stop described in the FAC.

However, Plaintiff has not yet plausibly pleaded that his protest "was a substantial or motivating factor" behind the officers' decision to apprehend Plaintiff or the manner in which they performed their investigatory stop. *Capp v. Cnty. of San Diego*, 940 F.3d 1046,

1055 (9th Cir. 2019). To show the third element of a retaliation claim, Plaintiff must allege that the officers' retaliatory animus was a "but-for" cause of his injury, "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). "At the pleading stage, the complaint must simply allege plausible circumstances connecting the defendant's retaliatory intent to the suppressive conduct[,] and motive may be shown with direct or circumstantial evidence." *Koala v. Khosla*, 931 F.3d 887, 905 (9th Cir. 2019) (internal quotations omitted).

In the FAC, Plaintiff explains that he initially objected when the officers told him he was being "trespassed," but "in fear of retaliation I asked no questions." (Doc. 58 at 6.). However, even in light of the liberal pleading standard, this allegation is insufficient to sustain Plaintiff's First Amendment claim. Plaintiff simply fails to explain why he feared the officers' retaliation, and he does not allege any retaliatory motive that might have motivated King and Sias. Still, the Supreme Court has noted that a pro se plaintiff's complaint should only be "dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, Plaintiff's First Amendment claim is dismissed without prejudice.

### ii.     Fourth Amendment

The Fourth Amendment protects citizens from unreasonable searches and seizures. U.S. Const. amend. IV. Contrary to Defendant's assertions, the FAC implicates the Fourth Amendment. "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, [or] by asking him if he is willing to answer some questions." *United States v. $25,000 U.S. Currency*, 853 F.2d 1501, 1504 (9th Cir. 1988). However, this is only true "[as] long as the officers do not convey a message that compliance with their requests is required." *Florida v. Bostick*, 501 U.S. 429, 437 (1991). In the FAC, Plaintiff alleges that the officers *did* convey that compliance with their requests was required. Thus, a Fourth Amendment analysis is

appropriate at this stage.

"A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 545 (1980). "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968); *see also United States v. $25,000 U.S. Currency*, 853 F.2d 1501, 1504 (9th Cir. 1988); *United States v. Jefferson*, 566 F.3d 928, 933 (9th Cir. 2009). In the FAC, Plaintiff alleges that he did not leave the scene until a supervisor told him that he could go. Additionally, Plaintiff alleges that the officers made demands for his "private documents," and threatened him with arrest. (Doc. 58 at 6.) At this stage, these allegations are sufficient to support the notion that a reasonable person might not have believed he was free to go and that the officers used a show of authority to restrain Plaintiff's liberty.

Additionally, the FAC plausibly suggests that the officers did not have a reasonable, articulable suspicion that justifies the manner in which Plaintiff alleges they conducted their investigatory stop. Plaintiff acknowledges that the officers were responding to a suspicious persons call, which at least gave them a right to make an initial inquiry of Plaintiff at the scene. The suspicious persons call did not, however, absent more, justify the officers' decision to detain Plaintiff. Indeed, Plaintiff implicitly alleges that the officers had no basis for suspicion that warranted action beyond their initial inquiries because "[he] had a sign, was attempting anonymity and [his] actions were not unusual." (Doc. 58 at 6.) It is not clear from the pleadings alone what Plaintiff was doing to attempt anonymity. Nevertheless, the FAC alleges that Plaintiff was told he was not free to leave and includes no facts from which the Court could infer that the officers had a reasonable, articulable suspicion that justified Plaintiff's detention.

Defendants ask the Court to consider evidence that would establish that the officers had reasonable suspicion to detain Plaintiff, including Officer King's police report,

assertions about the contents of a 911 call, and "several commonly known facts" about the officers' investigatory stop, such as Defendants' allegation that Plaintiff was wearing a ski mask at the time of the incident. While a court can consider "documents incorporated by reference in the complaint or matters of judicial notice," without converting a motion to dismiss into a motion for summary judgment, the Court cannot do so here for two reasons. *Grant v. City of Phoenix*, No. CV2200184PHXJATMHB, 2022 WL 11729649, at *3 (D. Ariz. Oct. 20, 2022).

First, "[c]ourts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (internal punctuation omitted). It is not clear at this point in the case that none of the operative facts are subject to dispute.

Second, documentary evidence, like Officer King's report, is only incorporated into the complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). Although Mr. Woodall's complaint references the report, the report is not sufficiently central to his claims to be considered incorporated by reference. Typically, a document is only incorporated by reference when a document provides the basis for Plaintiff's claim. *See e.g.*, *Ritchie*, 342 F.3d at 908 (noting that an insurance policy is central to a coverage-based claim and an SEC filing is central to a fraud claim). Thus, Defendant's Motion to Dismiss is denied as to Plaintiff's Fourth Amendment claims.

### iii. Fifth Amendment

"[T]he Fifth Amendment's Due Process and Equal Protection Clauses apply only to the federal government, not to state actors." *Peoples v. Schwarzenegger*, 402 F. App'x 204, 205 (9th Cir. 2010) (citing *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008)). Here, Plaintiff only asserts claims arise from the actions of city police officers; thus, there is no way this claim can be cured by amendment. Accordingly, his Fifth Amendment claims are dismissed with prejudice.

### D. §§ 1985 and 1986 Claims.

To state a claim under 42 U.S.C. § 1985(3), "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1519 (9th Cir.1987); *see also Trerice v. Pedersen*, 769 F.2d 1398, 1402–03 (9th Cir.1985). Plaintiff does not allege that he is a member of a protected class in the FAC. Nevertheless, he might be able to plead facts to support this claim. Accordingly, Plaintiff's Section 1985 claim is dismissed without prejudice. Further, a plaintiff is only entitled to damages under 42 U.S.C. § 1986 when he can prove violations of 42 U.S.C. § 1985. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Thus, because Plaintiff has not adequately alleged a Section 1985 claim, his Section 1986 claim is also dismissed without prejudice.

### III. Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), Defendants have moved to strike references to an ongoing federal investigation in Plaintiff's Response to Defendant's Motion to Dismiss. However, the plain text of Rule 12(f) only applies to pleadings—"thus not a motion to dismiss." *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 3035959, at *3 (D. Ariz. June 5, 2020); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885-86 (9th Cir. 1983); *Holyoak v. United States*, No. CV 08-8168-PHX-MHM, 2009 WL 1456742, at *1 (D. Ariz. May 21, 2009). *Compare* Fed. R. Civ. P. 7(a) (describing pleadings), *with* Fed. R. Civ. P. 7(b) (describing motions). Accordingly, the Defendants' Motion is denied.

### IV. Motion for Discovery & Motion for Subpoena

Finally, Plaintiff's Motion for Discovery (Doc. 45) and a Motion for Subpoena Duces Tecum (Doc. 54) will be addressed at the scheduling conference.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike (Doc. 41) is **DENIED**.

**IT IS FURTHERED ORDERED** that Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 57) is **GRANTED.** The Clerk of the Court is directed to file the Fourth Amended Complaint lodged at Doc. 58.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 51) is **DENIED** as moot in light of the Court granting Plaintiff's Motion to Amend/Correct Amended Complaint (Doc. 57).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 39) is **GRANTED** in part and **DENIED** in part:

1. The motion is granted as to Plaintiff's Fifth Amendment and 18 U.S.C. § 241 claims, and these claims are dismissed with prejudice.
2. The motion is granted as to Plaintiff's First Amendment and 42 U.S.C. §§ 1985 and 1986 claims, but these claims are dismissed without prejudice.
3. The motion is denied as to Plaintiff's Fourth Amendment claims.

**IT IS FURTHERED ORDERED** that Plaintiff's Motion for Discovery (Doc. 45) is **DENIED**.

**IT IS FURTHERED ORDERED** that Plaintiff's Motion for Subpoena Duces Tecum (Doc. 54) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is prohibited from filing any further amendments to his complaint, absent the most compelling circumstances without obtaining leave from the Court prior to filing, except to the extent otherwise indicated in this order.

**IT IS FURTHER ORDERED** setting an in-person scheduling conference for **January 26, 2023 at 11:00 a.m.** before Chief Judge G. Murray Snow in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003-2151.

Dated this 19th day of January, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge