**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Woodall,<br><br>    Plaintiff,<br><br>v.<br><br>Phoenix Police Department, et al.,<br><br>    Defendants. | No. CV-21-00962-PHX-GMS<br><br>**AMENDED ORDER**<br><br>(Page 4, Plaintiff's at Line 14;<br>Page 5, City' at Line 4; and<br>Page 8, Plaintiff's at Line 1) |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint for Failure to State a Claim (Doc. 69), and Plaintiff's Motion to Seal and Brief (Doc. 72) and Motion to Appoint Counsel (Doc. 74). For the following reasons, Plaintiff's Motion to Appoint Counsel (Doc. 74) is denied without prejudice, his Motion to Seal and Brief (Doc. 72) is denied without prejudice and the Defendants' Motion to Dismiss (Doc. 69) is granted in part and denied in part.[1]

---

[1] Plaintiff's Motion to Seal and Brief (Doc. 72) is denied without prejudice. He has provided no reason to believe that he is under any safety need to keep his address from Defendants' counsel, in fact, Defendants' counsel already have access to it. Nor has he provided an alternative mailing address to this Court. At any rate, if Plaintiff wants to change his address with this Court to a P.O. Box he may do so without further order of the Court, so long as he updates his address with this Court and regularly retrieves mail from that box. Plaintiff's Motion for Appointment of Counsel (Doc. 74) is also denied without prejudice. There is no constitutional right to be appointed counsel in a § 1983 action. *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). However, in exceptional circumstances, a district court may "appoint counsel to represent an indigent civil litigant" pursuant to 28 U.S.C. § 1915(d). *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980). This Court finds that exceptional circumstances do not exist because the Plaintiff is able to adequately articulate his claims *pro se*. The Court, however, denies the motion without prejudice. Should this case survive summary judgment and proceed to trial, the Court, if

## BACKGROUND

After Plaintiff failed to attend the case management conference set by the Court last January, the Court detailed the claims brought by the Plaintiff and their status as it pertained to the Court's previous omnibus order that detailed the Court's rulings on Plaintiff's claims in his Fourth Amended Complaint. (Doc. 62). After comparing that order with Plaintiff's Fifth Amended Complaint, and the briefing by both parties on Defendants' Motion to Dismiss that claim (Doc. 69) the Court rules as follows:

In his Fifth Amended Complaint, Plaintiff brings claims against the City of Phoenix, and its police officers Richard Sias and Kody King. In its last order, the Court dismissed with prejudice Plaintiff's claim for prosecution pursuant to 18 U.S.C. § 241, and Plaintiff's Fifth Amendment claim. The Court dismissed without prejudice, and thus allowed one last chance at amendment, to Plaintiff's 1983 Claim for First Amendment retaliation, and his §§ 1985 and 1986 claims. In the Fifth Amended Complaint, Plaintiff withdraws his §§ 1985 and 1986 claims. He continues to assert his § 1983 claims for first, fourth, eighth and fourteenth amendment violations, as well as various state law claims.

The Court previously determined that Plaintiff had stated a Fourth Amendment § 1983 claim for wrongful seizure. In its present Motion to Dismiss the City repeats and reasserts its previous argument on which the Court has already ruled. But, the substance of Plaintiff's allegations sufficiently allege that he was detained for a longer period of time than would be involved in "a brief investigatory stop." A fair reading of the Fifth Amended Complaint demonstrates that the Plaintiff is alleging that he was detained for some time—at least until supervising officers arrived at the scene. "[A]fter a brief back and forth debate occured (sic) till Ppd supervisors arrived," Fifth Amended Complaint (Doc. 68 at 6). Nevertheless, in their motion to dismiss the Fifth Amended Complaint, the Defendants also allege that the Defendant officers had probable cause to detain/arrest Plaintiff based

---

Plaintiff desires, will seek to obtain counsel for Plaintiff for trial pursuant to its *pro se* program.

1  "[u]pon Plaintiff's refusal to [ ] provide his true full name" in compliance with A.R.S.
2  § 13-2412 (Doc. 69 at 8.)  That statute states "It is unlawful for a person, after being advised
3  that the person's refusal to answer is unlawful, to fail or refuse to state the person's true
4  full name on request of a peace officer *who has lawfully detained the person based on*
5  *reasonable suspicion that the person has committed, is committing or is about to commit*
6  *a crime*."  A.R.S. § 13-2412 (emphasis added).

In the Fifth Amended Complaint it is not clear whether Plaintiff refused to provide his name to the Police.  That complaint does acknowledge that Defendants encounter with Plaintiff occurred after Defendants "arrived to investigate a suspicious persons call."  It then goes on to allege that "[t]hey [the Defendant Officers] arriv[ed] and lied . . . stating that . . . I was not free to leave (detained/seized), that I was required to provide my (ID.), and then identifying info to be formally sited or trespassed and threatened possible incarceration and charges if I did not comply.  (Doc. 68 at 6) (emphasis in original).  The Fifth Amended Complaint formally alleges that Defendants informed Plaintiff that if he refused to provide them his true and full name, charges would be brought against him.  Thus, if there was a basis for their *Terry* stop, the statute would provide the Defendants with probable cause to believe that Plaintiff had violated A.R.S. § 13-2412 if he refused to provide his true full, name, and his detention would be justified.  But, at least on a motion to dismiss, in which the Court is obliged to accept the allegation of Plaintiff's complaint as true, the Defendants fail to provide a sufficient basis to believe that the Defendants were justified in their *Terry* stop of Plaintiff.

The Fifth Amended Complaint does acknowledge that the Defendants "arrived to investigate a suspicious persons call," but, even assuming the Plaintiff refused to provide his true full name, this alone is an insufficient basis to determine that Police could conduct an investigatory stop on Plaintiff.  The law is quite clear that "an anonymous tip *alone* seldom demonstrates the informant's basis of knowledge or veracity" sufficient to amount to reasonable suspicion.  *Navarette v. California*, 572 U.S. 393, 397 (2014) quoting *Alabama v. White,* 496 U.S 325, 329 (1990) (emphasis in original).  "That is because

'ordinary citizens' generally do not provide extensive recitations of the basis of their everyday observations, and an anonymous tipster's veracity is 'by hypothesis largely unknown and unknowable,'" *Id.* In every case, "the 'reasonable suspicion' necessary to justify such a stop 'is dependent upon both the content of information possessed by police and its degree of reliability.'" *Id.* "Police are not entitled, under the guise of *Terry*, to stop a person simply for being in the vicinity of a suspected crime. . . . Something more is necessary to raise suspicion that a person is the one engaged in wrongdoing. The Officer must have 'a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Gallinger,* 227 F. Supp.3d 1163, 1169 (D. Id. 2017); *Illinois v. Wardlow,* 528 U.S. 119, 120  S.Ct. 673, 145 L.Ed.2d 570 (2000) (holding that a defendant's flight from police in a high crime area is sufficient to support a *Terry* stop). To the extent that the Defendant officers in this case may have had reasonable suspicion to conduct a *Terry* stop in this case, the Complaint does not provide it, thus it is not appropriate to grant Defendants' Motion to Dismiss because Plaintiff has successfully stated a § 1983 claim for unlawful seizure. To the extent that Defendants claim qualified immunity, that too would require more facts to determine in their favor. It is clearly established, pursuant to *Navarette,* that without more facts than have been provided here, a telephone call from an unidentified member of the public is an insufficient basis on which to conduct an investigatory stop. Absent such facts *Navarette* governs and Defendants' request to apply qualified immunity is denied.

In this light, Plaintiff's allegation that he was engaged in legitimate public protest of law enforcement's activities in a public forum, and that he was wrongfully detained by Defendants provides sufficient basis on which a First Amendment retaliation claim would be plausible. As with the Fourth Amendment claim, to the extent the officers had a reasonable basis to conduct a brief investigatory stop and/or detention of the Plaintiff, the Complaint does not provide it; thus, for present purposes, the Court finds that Plaintiff has successfully stated a First Amendment retaliation claim in his Fifth Amended Complaint

by stating that he was engaged in a lawful public protest and he was stopped and detained by Police without basis.

To the extent that the Plaintiff asserts that the City is liable for any of his § 1983 claims against the City's police officers based on a theory of *respondeat superior*, such claims are dismissed. There is no such liability in a § 1983 context. "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Nevertheless, read liberally as it must be, Plaintiff's Fifth Amended Complaint asserts *Monell* claims against the City for failure to train and supervise. For example, Plaintiff alleges

> … 1. The Ppd Supervisor who told me I was free to go, aware I was detained for trespassing without probable cause, didnt (sic) offer complaint, nor do I believe he reviewed and filed a report detailing the wrongs of Sias and King. . . . This failure to offer complaint and to review bodycam footage to determine the extent of violation of probable cause and my rights . . . shows conspiracy and deprivation fitting of 1983 . . . violation.
>
> 2. When I attempted to file complaint and charges "if warranted" the Ppd enforcer who reviewed the bodycam footage determined that it did not warrant charges and trespass training would be recommended. This is an additional act of deprivation of rights and conspiracy to hide the acts of Sias and King.
>
> . . . This totals at least 3 separate instances where Ppd enforcers deprive me of my rights, conspire to do so, conspire to distort complaints, misfile reports, omit or defend the illegal acts of Sias and king (sic). It shows that Ppd (City defendant) records and complaint taking cant (sic) be relied upon, that they are bias(sic) (Exhibit 1 Note: The actual events and the determination of error by Sias (and King) are distorted by PPD in this document) . . .

> Ppd (city defendant) conspired (1985) and/or has a habit or unwritten practices/customs of ignoring or downplaying illegal acts and improper behavior by its enforcers.  (1983 violation by means of the several listed violations includlng (sic) 14th amendment).  This is the reason that Sias and King were so comfortable in violating my rights and the failure/avoidance of Ppd (city defendant) to acknowledge and punish the wrongdoings of its enforcers: This resulted in the actions by the Sias and King and the several enforcers who deprived me of my rights as listed in this complaint as well as avoiding the taking and filing a proper criminal complaint and the deprevations (sic) of equal protections (sic) of the 14th amendment.

(Doc. 68 at 10-11)  Plaintiff further attaches to his Fifth Amended Complaint, a report concerning his complaint to the Phoenix Police Department.  At least one part of the document can be read to state that the Department concludes that there is no policy violation despite the fact that there were no apparent bases on which the officers could detain the Plaintiff. (Doc. 68 at 17) ("I explained to Mr. Woodall the call for service could have been handled differently and explained what improvements could be made.  I also told Mr. Woodall nothing appeared to be malicious.  Mr. Woodall was informed this incident would be addressed with Officer Sias and would be handled in accordance with the policies and procedures of the Department.  After reviewing the complaint, I conclude Offic Sias (sic) operated within Phoenix Police Operations Orders and there was no policy violation.")  Plaintiff asserts that this determination, in conjunction with other aspects of how the matter was handled at the scene, demonstrate that the City does not adequately supervise or train their officers, and at the least he alleges, the City is deliberately indifferent to the rights of its citizens in doing so.  *Canton,* 489 U.S. at 388 (holding that a city can be liable under § 1983 for inadequate training of its employees.); *Starr v. Baca,* 652 F.3d 1202 (9th Cir. 2011) (holding that a municipality can be liable under § 1983 for supervisory failures that are deliberately indifferent to and cause a deprivation of citizen's

rights. Plaintiff has, at this stage, asserted plausible *Monell* claims against the City for a failure to supervise and/or train its officers.

Nevertheless, Plaintiff's *Monell* claims against the City do not mean that he has preserved state law claims for negligent supervision or training against the City. Plaintiff has failed to comply with A.R.S. § 12-821.01 despite the requirement to do so to preserve any state law claims. Thus, Plaintiff's state law claims against all Defendants are dismissed including the common law negligence claim and the intentional infliction of emotional distress claim, as well as any negligent training or supervision claims.

To the extent that Plaintiff asserts § 1983 claims for an Eighth Amendment violation and a due process Fourteenth Amendment violation, those counts too, are dismissed with prejudice. Absent additional facts, Plaintiff does not state a fourteenth amendment violation even if Officer Sias intentionally lied when he stated that the FBI wanted Plaintiff trespassed. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (holding that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'---'that the pleader is entitled to relief.'") Further, because Plaintiff has not been convicted, he does not state a plausible Eight Amendment claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001) (holding that "The Eighth Amendment's prohibition of 'cruel and unusual punishments' applied only 'after conviction and sentence.'") quoting *Graham v. Connor,* 490 U.S. 386, 393 & n.6 (1989). Even after having been provided multiple opportunities to do so, Plaintiff has failed to state facts that would give rise to any such plausible claims. They are therefore dismissed without leave to amend as granting further leave to amend would be futile.

**IT IS THEREFORE ORDERED** denying without prejudice Plaintiff's Motion to Seal and Brief (Doc. 72) and also denying without prejudice Plaintiff's Motion for Appointment of Counsel (Doc. 74.)

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint (Doc. 69) in part and denying it in part. As is explained in detail

above, Defendants' Motion is granted for all claims with prejudice except Plaintiff's § 1983 claims against the Defendant officers for First Amendment Retaliation, and unlawful seizure; and his Monell claims against the City for a failure to train and supervise its officers.

Dated this 25th day of January, 2024.

_____
G. Murray Snow
Chief United States District Judge