**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Woodall,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Phoenix Police Department, et al.,<br><br>　　　　Defendants. | No. CV-21-00962-PHX-GMS<br><br>**ORDER** |

　　　　Pending before the Court are Plaintiff's Second Motion for Leave to file Motion to Subpoena FBI (Doc. 189) and Plaintiff's First Motion to Supplement Motion to Subpoena (Doc. 192). As a practical matter, the Court had previously authorized Plaintiff to file his Supplement, thus it was not necessary for him to file for motion to leave to supplement. Nevertheless, his motion to supplement, (Doc. 192), is granted.

　　　　As that supplement demonstrates, and as Plaintiff correctly related in a recent discovery proceeding before this Court, General Order 18-19 requires a pro-se Plaintiff to attach a copy of subpoenas that he proposes to serve, set forth the names and the addresses of the witnesses he intends to subpoena and the custodian and general nature of any documents he intends to request and to state with particularity the reasons for seeking the testimony and the documents. Then "the assigned judge shall determine whether the requested subpoena shall issue."

　　　　Plaintiff brings claims against City of Phoenix police officers for detaining him for

some period in front of the FBI building in Phoenix. He was apparently there in lawful exercise of his rights to protest. No charges were ever filed against Plaintiff as a result of the incident. Plaintiff brings claims against the City of Phoenix for the detention. Plaintiff alleges that in the course of the detention, Defendant King informed him that the FBI made a request to trespass him for his activities in front of its building. In Doc. 189, Plaintiff requests that he be allowed to subpoena the FBI to provide: (1) statements and any transcripts or recordings related to any trespassing requests made to PPD in regards to my presence in front of the building; (2) any transcripts or recordings of conversation it may have recorded or its employees may have been witness to of interactions between PPD . . . and Plaintiff; and (3) any materials/documents of reports between itself the City of Phoenix and PPD and communications between entities related to the service call and attempted trespassing.

The Plaintiff's request will be denied for the following reasons. First, Plaintiff's requests for the subpoenaed information are not proportional to his claims. "Effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure.: Fed. R. Civ. P. 1 Advisory Committee Notes. Plaintiff's claim asserts his wrongful detention by Phoenix Police. If the detention was wrongful, it was wrongful regardless of whether a request to trespass was made by any third party. Further, request number one seems to relate at best to the possibility of impeaching the credibility of Defendant King by demonstrating that PPD never received a request to trespass him from the FBI. Even if so, however, extrinsic evidence of dishonesty is generally not admissible evidence. Fed. R. Ev. 608 ("…extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."), nor does there appear to be any reason to suppose that any responsive documents to request number two exists. Request number three is a broad-based request which, in light of the limited nature of Plaintiff's claims, appears to be something of a fishing expedition which is not merited by the remaining claims in the Complaint.

Therefore,

**IT IS ORDERED g**ranting Plaintiff's Motion to Supplement (Doc. 192) and denying Plaintiff's Motion for Subpoena (Doc. 189).

Dated this 22nd day of August, 2024.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

- 3 -